IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Richard Walker, Jr., #188417 ) | C/A No. 8:16-816-JMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| Vinton D. Lide, LCSD, General Counsel, ) | |
| Court Liaison for FOIA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

David Richard Walker, Jr. ("Plaintiff"), proceeding pro se, brings this civil action seeking to "engage" proper Freedom of Information Act ("FOIA") procedures. [Doc. 1.] Plaintiff is detained in the Lexington County Detention Center ("LCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff alleges on or about the following dates he made FOIA requests to Defendant: August 2015; October 2015; and January 2016. [Doc. 1.] He alleges it is his understanding that, when a person makes a FOIA request to the Lexington County Sheriff's Department or the LCDC, Vinton D. Lide is the FOIA coordinator or liaison who is supposed to respond. [*Id.*] Plaintiff alleges he has attempted to obtain two administrative manuals—the LCDC inmate policy handbook and the LCDC officers policy handbook—within the FOIA laws, and he has requested that the processing and search fees be waived because the disclosure of the information is in the public interest because it is likely to contribute significantly to the public understanding of the operations of the government. [*Id.*]

Plaintiff alleges that Defendant has failed to respond to his FOIA requests or to return correspondence, even when Plaintiff asked him about the FOIA appeal process. [*Id.*] Plaintiff contends that the law provides that after a FOIA request is made the recipient must provide the information within twenty days or notify the person the reason for the delay. [*Id.*]

For his relief, Plaintiff seeks an order from this Court to grant Plaintiff the materials he listed in the Complaint and that the fees be waived. [*Id.*] He requests that Defendant be ordered to produce the materials within ten days. [*Id.*] He requests generally that Defendant be required to comply with FOIA. [*Id.*]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also Nat'l Fed. of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2576 (2012) (explaining that the federal government possesses only limited powers). Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed.

R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399. To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the Complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Id.* Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the Court, viewing the allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the Court will lack subject matter jurisdiction. *Id.*

It is apparent that Plaintiff seeks to bring a claim against Defendant for a violation of the South Carolina FOIA statute, which is a state law claim. *See* S.C. Code Ann. § 30-4-10, *et seq.* The South Carolina statute provides that to enforce the FOIA laws a citizen of the state may apply to the state circuit court for relief. *See* S.C. Code Ann. § 30-4-100(a). A plaintiff may file a state law claim in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of

every plaintiff must be different from the citizenship of every defendant.  *Central West Virginia Energy Co.*, 636 F.3d at 103.  Here, it appears that Plaintiff and Defendant are domiciled in South Carolina, so this Court has no diversity jurisdiction over this action.

If a plaintiff's complaint raises a federal question, then this Court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331.  A federal question relates to an action "'... arising under the Constitution, laws, or treaties of the United States.'"  *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (citation omitted).  Here, Plaintiff does not allege a violation of the United States Constitution or any federal law.[1]  However, giving liberal construction to the pleading, if Plaintiff attempts to allege a federal due process claim against Defendant, a FOIA request pursuant to South Carolina law submitted to a South Carolina Sheriff's Department or detention center does not give rise to a federal question that would support jurisdiction in this Court.  *See Griffin v. South Carolina Dep't of Probation, Parole and Pardon Services*, C/A No. 2:09-2136-PMD, 2009 WL 4016118, at *1–2 (D.S.C. Nov. 19, 2009).

---

[1]Plaintiff does not seem to allege a claim pursuant to the federal FOIA.  If he is trying to do so, the federal FOIA applies only to federal agencies, not to this Defendant.  *See* 5 U.S.C. § 552.

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Further, it is recommended that Plaintiff's motion seeking appointment of counsel [Doc. 3] be denied as moot. **Plaintiff's attention is directed to the important notice on the next page.**

April 14, 2016  
Greenville, South Carolina

S/Jacquelyn D. Austin  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).