# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON DIVISION

| | |
|---|---|
| David Richard Walker, Jr., ) | |
| ) | Civil Action No.: 8:16-cv-00816-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Vinton D. Lide, LCSD, General Counsel, ) | |
| Court Liaison for FOIA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff David Richard Walker, Jr. ("Plaintiff"), proceeding pro se, brought this action seeking declaratory relief based on Freedom of Information Act ("FOIA") requests made to Defendant. Plaintiff is detained in the Lexington County Detention Center ("LCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges that on three different dates he made a FOIA request for various documents to the Lexington County Sheriff's Department and the LCDC through Defendant who he alleges is the FOIA liaison for those entities. (ECF No. 1 at 3-5). Plaintiff further alleges that Defendant has failed to respond to his requests or to return correspondence. Plaintiff seeks an order requiring Defendant to waive the production fee and produce the materials Plaintiff requested within ten days. (ECF No. 1 at 6). Plaintiff also requests that this court appoint counsel to assist him. (ECF No. 3).

This matter is before the court pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss civil actions filed *in forma pauperis* if they are frivolous or fail to state a claim upon which relief can be granted. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Jacquelyn Austin for a Report and Recommendation. On April 14, 2016, the Magistrate Judge issued a Report and

Recommendation ("Report") recommending the court dismiss the petition without prejudice and without service of process because this court lacks subject matter jurisdiction over Plaintiff's claims. (ECF No. 11). The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1). Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Plaintiff was advised of his right to file objections to the Report. (ECF No. 11 at 7). Plaintiff was required to file objections by May 2, 2016. To date, Plaintiff has not filed any objections to the report. Accordingly, this court has reviewed the Report of the Magistrate Judge and does not find clear error. Plaintiff's complaint states a cause of action for a FOIA violation based on Defendant's lack of responsiveness to a FOIA request made to a state agency. The federal FOIA only governs requests made to agencies of the federal government. *See* 5 U.S.C. 552(f)(1).

Thus, there is no federal question at issue to give rise to this court's exercise of its federal question jurisdiction. Furthermore, it does not appear that this court may exercise diversity of citizenship jurisdiction in this case as the parties appear to be domiciled in the same state. Therefore, this court finds that the Magistrate Judge properly concluded that this court does not have subject matter jurisdiction over Plaintiff's claim.

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. The court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 11). It is therefore **ORDERED** that Plaintiff's action (ECF No. 1) is **DISMISSED** without prejudice and service of process. Plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

May 16, 2016
Columbia, South Carolina